# Exhibit A

Case 2:13-cv-01096-JPS   Filed 03/06/14   Page 1 of 51   Document 19-1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JOSE TRUJILLO AND TIMOTHY
MARX,

                      Plaintiffs,

vs.

SAELENS CORPORATION,

                  Defendant.

CASE NO. 2:13-CV-01096

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Jose Trujillo and Timothy Marx ("PLAINTIFFS"), individually and on behalf of the classes described below (hereinafter referred to collectively as the "SETTLEMENT CLASSES"), Saelens Corporation ("DEFENDANT"), and its respective counsel of record enter into this Stipulation and Settlement Agreement ("SETTLEMENT AGREEMENT") conditioned upon entry by the COURT of a final order and judgment approving the SETTLEMENT AGREEMENT and dismissing with prejudice all claims encompassed by the SETTLEMENT AGREEMENT.

## I. RECITALS AND BACKGROUND

A. On September 27, 2013, PLAINTIFFS filed a collective and class action Complaint in the U.S. District Court for the Eastern District of Wisconsin asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the Wisconsin wage payment and overtime laws, Wis. Stat. §§ 103,

104, 109, et seq.  PLAINTIFFS filed a first Amended Complaint on November 19, 2013.

B.     DEFENDANT disputes the material allegations contained in PLAINTIFFS' Complaint and First Amended Complaint both as to fact and law and denies any liability to the PLAINTIFFS or members of the proposed SETTLEMENT CLASSES.

C.     PLAINTIFFS assert claims on behalf of themselves and similarly situated current or former employees that DEFENDANT violated the FLSA and Wisconsin's wage payment and overtime laws. PLAINTIFFS' claims include, but are not limited to, allegations that they and members of the SETTLEMENT CLASSES have not been paid the appropriate minimum wages, regular wages, and/or overtime wages during breaks, and at the beginning and end of their shifts, and some employees sometimes have not received a full 30 minute meal period despite having had 30 minutes of pay deducted daily for the meal periods.

D.     Since the filing of the Complaint, the PARTIES have exchanged information and documents related to PLAINTIFFS' claims and DEFENDANT has further investigated those claims.  Following this exchange and investigation, the PARTIES engaged in substantial settlement negotiations, which concluded with the PARTIES reaching a settlement in principle on December 23, 2013, regarding the disputes which are or could have been brought in the LITIGATION. This SETTLEMENT AGREEMENT reflects the understanding of the PARTIES.

E.     For purposes of settlement only, the PARTIES seek conditional

certification of the following opt-in settlement classes pursuant to 29 U.S.C. § 216(b):

      1.    **The FLSA Rounding Class**.  All persons who were employed by Saelens in its Johnson Creek facility as hourly employees during any time between November 7, 2010 and October 30, 2011.

      2.    **The Break Class**.  All persons who were employed by Saelens in its Milwaukee facility as hourly employees and who were supervised by Derek Boyd during any time between September 16, 2012 and September 27, 2013.

    F.    For purposes of settlement only, the PARTIES seek certification of the following opt-out settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

      1.    **The Wisconsin Rounding Class**.  All persons who were employed by Saelens in its Johnson Creek facility as hourly employees during any time between September 27, 2011 and October 30, 2011.

    G.    CLASS COUNSEL has conducted a thorough investigation of the claims against DEFENDANT sought to be certified under this SETTLEMENT AGREEMENT, including interviewing witnesses and reviewing payroll documentation and policy documents, as well as time clock and punch data.  Based on their independent investigation and evaluation, CLASS COUNSEL believes that the settlement with DEFENDANT for the consideration of and on the terms set forth in this SETTLEMENT AGREEMENT is fair, reasonable, and adequate, and is in the best interest of PLAINTIFFS and potential members of the SETTLEMENT CLASSES in light of all known facts and circumstances, including the risk of delay, defenses asserted by DEFENDANT, and numerous potential

4

appellate issues.

H.     DEFENDANT expressly denies any liability or wrongdoing of any kind associated with the claims in this LITIGATION and PLAINTIFFS' Complaint or First Amended Complaint. DEFENDANT contends it has complied with applicable federal and state law at all times. By entering into the SETTLEMENT AGREEMENT, DEFENDANT does not admit any liability or wrongdoing and expressly denies the same. It is expressly understood and agreed by the PARTIES that the SETTLEMENT AGREEMENT is being entered into by DEFENDANT solely for the purpose of avoiding the costs and disruption of ongoing litigation and to settle all outstanding claims. Nothing in the SETTLEMENT AGREEMENT, the settlement proposals exchanged by the PARTIES, or any motions filed or Orders entered pursuant to the SETTLEMENT AGREEMENT, is to be construed or deemed as an admission by DEFENDANT of any liability, culpability, negligence, or wrongdoing, and the SETTLEMENT AGREEMENT, each of its provisions, its execution, and its implementation, including any motions filed or Orders entered, shall not in any respect be construed as, offered, or deemed admissible as evidence, or referred to in any arbitration or legal proceedings for any purpose, except in an action or proceeding to approve, interpret, or enforce the SETTLEMENT AGREEMENT.  Furthermore, neither the SETTLEMENT AGREEMENT,  any motions filed, settlement proposals exchanged by the PARTIES, or Orders entered pursuant to the SETTLEMENT AGREEMENT, nor any class or conditional certification granted pursuant to the SETTLEMENT AGREEMENT  and

5

corresponding documents shall constitute an admission, finding, or evidence that any requirement for class certification has been satisfied in this LITIGATION or any other action, except for the limited settlement purposes pursuant to the terms of the SETTLEMENT AGREEMENT. This SETTLEMENT AGREEMENT shall be inadmissible as evidence in any proceeding, except as necessary to approve, interpret, or enforce this SETTLEMENT AGREEMENT.

L.     This SETTLEMENT AGREEMENT shall automatically terminate, and the SETTLEMENT CLASSES' certifications shall automatically be cancelled if this SETTLEMENT AGREEMENT is terminated pursuant to Paragraph IX, in which event this SETTLEMENT AGREEMENT shall not be offered, received, or construed as an admission of any kind a to liability, damages, whether any class is certifiable, or any other matter.

M.     The PARTIES shall request the United States District Court for the Eastern District of Wisconsin (the "COURT") to approve the SETTLEMENT AGREEMENT with respect to all actions and claims settled in this SETTLEMENT AGREEMENT.

N.     This SETTLEMENT AGREEMENT is contingent upon the conditional and class certification of the SETTLEMENT CLASSES as defined in this SETTLEMENT AGREEMENT. DEFENDANT does not waive, and instead expressly reserves, its rights to challenge the propriety of class or conditional certification for any purpose should the COURT not approve this SETTLEMENT AGREEMENT and enter a FINAL APPROVAL ORDER.

6

O.     This SETTLEMENT AGREEMENT sets forth the entire agreement between the PARTIES hereto and fully supersedes any and all prior agreements or understandings, written or oral, between the PARTIES reached during the mediation that resulted in this SETTLEMENT AGREEMENT.

## II.     DEFINITIONS

A.     "AUTHORIZED CLAIMANT" means a member of the FINAL SETTLEMENT CLASSES or the authorized legal representative of such member of the FINAL SETTLEMENT CLASSES, who becomes such a member pursuant to Section III.B.5 of this Agreement.

B.     "BREAK CLASS" refers to all persons who were employed by Saelens in its Milwaukee facility as hourly employees and who were supervised by Derek Boyd during any time between September 16, 2012 and September 27, 2013.

C.     "CAFA NOTICE" refers to the notice to be sent by DEFENDANT to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b), substantially in the form of Exhibit "3" attached hereto.

D.     "CLASS COUNSEL" is Hawks Quindel, S.C.

E.     "CLASS COUNSEL'S FEES AND COSTS" means the attorneys' fees, costs, and expenses (including but not limited to any fees, costs, and expenses related to testifying and non- testifying experts and consultants) approved by the COURT and paid from the common settlement fund to CLASS

COUNSEL.

F. "CLASS NOTICE" refers to the document substantially in the form of Exhibit "2" to be mailed to members of the SETTLEMENT CLASSES.

G. "COURT" refers to the court having jurisdiction of the LITIGATION, at any stage, presently the United States District Court for the Eastern District of Wisconsin.

H. "DEFENDANT" refers to Saelens Corporation.

I. "FINAL APPROVAL HEARING" means the hearing contemplated by the PARTIES, at which the COURT will review and may approve, in final, the settlement and make such other final rulings as are contemplated by this SETTLEMENT AGREEMENT.

J. "FINAL APPROVAL ORDER" refers to the order of the COURT granting final approval of this SETTLEMENT AGREEMENT on the terms provided herein or as the same may be modified by subsequent mutual agreement of the PARTIES.

K. "FINAL SETTLEMENT CLASSES" refers to all FLSA RELEASING PERSONS and all members of the WISCONSIN ROUNDING CLASS, except those members of the WISCONSIN ROUNDING CLASS who exclude themselves from this litigation pursuant to Section VII.A. below.

L. "FLSA CONSENT FORM" refers to the document substantially in the form of Exhibit "1" to be mailed to members of the BREAK CLASS and the FLSA ROUNDING CLASS.

M. "FLSA RELEASING PERSONS" means each and every BREAK CLASS or FLSA ROUNDING CLASS member who timely opted-in to a class, and his or her respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors- in-interest, and assigns, and who returns a timely executed consent form.

N. "FLSA ROUNDING CLASS" refers to all persons who were employed by Saelens in its Johnson Creek facility as hourly employees during any time between November 7, 2010 and October 30, 2011.

O. "LITIGATION" refers to the action filed on or about August 20, 2010, entitled Trujillo v. Saelens Corp., Case No. 13-cv-1096, as amended, which is currently pending in the United States District Court for the Eastern District of Wisconsin.

P. "MAXIMUM GROSS SETTLEMENT AMOUNT" refers to the amount set forth herein at Paragraph III.A.

Q. "PARTIES" refers to the PLAINTIFFS named in the above-captioned LITIGATION and DEFENDANT and, in the singular, refers to any of them, as the context makes apparent.

R. The term "PLAINTIFFS" refers to Jose Trujillo and Timothy Marx.

S. "PRELIMINARY APPROVAL ORDER" refers to the order of the COURT granting preliminary approval of this SETTLEMENT AGREEMENT on the terms provided herein or as the same may be modified by subsequent mutual

9

agreement of the PARTIES.

T. "ROUNDING CLASSES" refers to all members of the FLSA ROUNDING CLASS and the WISCONSIN ROUNDING CLASS.

U. "SETTLEMENT AGREEMENT" refers to this Stipulation and Settlement Agreement.

V. "SETTLEMENT CLASSES" collectively refers to the BREAK CLASS and ROUNDING CLASSES.

W. "WISCONSIN ROUNDING CLASS" refers to all persons who were employed by Saelens in its Johnson Creek facility as hourly employees during any time between September 27, 2011 and October 30, 2011.

## III. TERMS OF SETTLEMENT

A. MAXIMUM GROSS SETTLEMENT AMOUNT:

1. As consideration for the settlement described herein in this SETTLEMENT AGREEMENT and in full settlement and satisfaction of all claims, payments to any AUTHORIZED CLAIMANTS and CLASS COUNSEL'S FEES AND COSTS, or any other payments encompassed by this SETTLEMENT AGREEMENT, DEFENDANT shall pay to the members of the FINAL SETTLEMENT CLASSES no more than the total and all inclusive MAXIMUM GROSS SETTLEMENT AMOUNT of Forty-Nine Thousand, Nine Hundred Dollars and No Cents ($49,900.00). The MAXIMUM GROSS SETTLEMENT AMOUNT and the settlement funds

shall remain in the possession, custody, and control of DEFENDANT until

the settlement amounts are distributed as set forth herein.  DEFENDANT

may not be called upon or required to contribute additional monies above

the MAXIMUM GROSS SETTLEMENT AMOUNT under any

circumstances whatsoever.

2.      In the event that this SETTLEMENT AGREEMENT is

canceled, rescinded, terminated, voided, or nullified, however that may

occur, or the settlement of the LITIGATION is barred by operation of law,

is invalidated, is not approved or otherwise is ordered not to be carried out

by the COURT or any court of competent jurisdiction, DEFENDANT will

cease to have any obligation to pay or provide any portion of the

MAXIMUM GROSS SETTLEMENT AMOUNT to anyone under the terms

of this SETTLEMENT AGREEMENT and, if so ordered by a court of

competent jurisdiction, all previous disbursements from the MAXIMUM

GROSS SETTLEMENT AMOUNT will be paid back to DEFENDANT by

the person or entity who received such disbursements pursuant to the

terms of said court's order.

B.      The payment of the MAXIMUM GROSS SETTLEMENT

AMOUNT shall be accomplished  as follows:

1.      The PLAINTIFFS shall each be allocated a service payment of

$1,500, exclusive of any amount allocated to them as a member of the

SETTLEMENT CLASSES, in recognition of the services they performed as

Case 2:13-cv-01096-JPS   Filed 03/06/14   Page 11 of 51   Document 19-1

representatives of the SETTLEMENT CLASSES. The MAXIMUM GROSS SETTLEMENT AMOUNT shall be reduced by this amount prior to allocation of settlement funds to SETTLEMENT CLASS members. A Form 1099 will be issued in conjunction with this payment.

2.      CLASS COUNSEL shall make an application to the COURT for an award of CLASS COUNSEL'S FEES AND COSTS in the amount of Seventeen Thousand Ninety Five Dollars and Twenty Two Cents($17,095.22). CLASS COUNSEL reserves the right to increase this amount to account for the cost of NOTICE mailing. DEFENDANT will not oppose this request. This amount will be deducted from the MAXIMUM GROSS SETTLEMENT AMOUNT. Payment of such CLASS COUNSEL'S FEES AND COSTS to CLASS COUNSEL shall constitute full satisfaction of any and all obligations by DEFENDANT to pay any person, attorney or law firm for attorneys' fees, expenses or costs (including but not limited to any fees, costs and expenses related to testifying and non-testifying experts and consultants) incurred on behalf of PLAINTIFF and all members of the SETTLEMENT CLASSES. A Form 1099 will be issued in conjunction with this payment.

3.      The Portion of MAXIMUM GROSS SETTLEMENT AMOUNT remaining, after provision for court awarded attorneys' fees and costs and provision of a service payment to the PLAINTIFF as described above, shall be described as the SETTLEMENT FUND.

4.      The SETTLEMENT FUND shall be allocated to the

12

SETTLEMENT CLASSES in the following manner.

        a.        A maximum of twenty-three thousand one hundred forty-four dollars and no cents ($23,144) will be allocated to the ROUNDING CLASSES SETTLEMENT FUND. The claim for each individual member of the ROUNDING CLASSES shall be calculated by first totaling the number of weeks between November 7, 2010 and October 30, 2011 that the member worked for DEFENDANT as an hourly employee in DEFENDANT's Johnson Creek facility. That number of weeks shall be multiplied by the member's average base hourly wage rate for the period between November 7, 2010 and October 30, 2011. For each member, this product shall be divided by the sum of the products of every member of the ROUNDING CLASSES to determine the percentage of the ROUNDING CLASSES SETTLEMENT FUND to which each member of the ROUNDING CLASSES is entitled. That percentage will then be multiplied by the ROUNDING CLASSES SETTLEMENT FUND to determine the amount of the fund to which each ROUNDING CLASS member is entitled. Portions of the fund allocated to members of the ROUNDING CLASSES based on work performed on or after September 27, 2011 shall be allocated evenly between settlement of the claims of the FLSA ROUNDING CLASS and the WISCONSIN ROUNDING

13

CLASS.

b.      A maximum of seven thousand one hundred twenty-two dollars and no cents ($6,660.78) will be allocated to the BREAK CLASS SETTLEMENT FUND.  The claim for each individual member of the BREAK CLASS has been calculated by first totaling the number of weeks between September 16, 2012 and September 27, 2013 that the member worked for DEFENDANT as an hourly employee in DEFENDANT's Milwaukee facility and was supervised by Derek Boyd.  That number of weeks shall be multiplied by the member's average based hourly wage rate for the period between September 16, 2012 and September 27, 2013.  For each member, this product shall be divided by the sum of the products for every member of the BREAK CLASS to determine the percentage of the BREAK CLASS SETTLEMENT FUND to which each member of the BREAK CLASS is entitled. That percentage will then be multiplied by the BREAK CLASS SETTLEMENT FUND to determine the amount of the fund to which each BREAK CLASS member is entitled.

5.      In the event that the amounts paid to the FINAL SETTLEMENT CLASSES, PLAINTIFFS and to CLASS COUNSEL are less than the MAXIMUM GROSS SETTLEMENT AMOUNT, the difference between the amounts paid and the MAXIMUM GROSS SETTLEMENT AMOUNT shall revert to DEFENDANT.

14

6.     The PARTIES agree that fifty percent (50%) of the settlement payments to the FINAL SETTLEMENT CLASSES shall be characterized as back wage payments subject to all required employer paid payroll taxes and deductions (federal income taxes, state income taxes, employee's share of FICA taxes, and other state-specific statutory deductions) and other required deductions (e.g., garnishments, tax liens, child support). The DEFENDANT will report the back wage payment to each AUTHORIZED CLAIMANT on an IRS Form W-2. DEFENDANT will be the entity responsible for issuing the settlement checks, less required withholdings and deductions, and W- 2 forms for each AUTHORIZED  CLAIMANT and mailing the settlement checks to the AUTHORIZED CLAIMANTS.  DEFENDANT shall be responsible for all employer-side payroll taxes applicable to the payment of these wages. The remaining fifty percent (50%) of the settlement payments to the FINAL SETTLEMENT CLASSES shall be characterized as liquidated damages for which Defendant shall issue a 1099 Form.

7.     Settlement funds shall be paid by DEFENDANT to all members of the WISCONSIN ROUNDING CLASS who do not timely exclude themselves.

8.     Settlement funds shall be paid by DEFENDANT to members of the FLSA  CLASSES who timely submit properly completed  CONSENT FORMS and who become AUTHORIZED CLAIMANTS.

C.     RELEASE OF CLAIMS; WAIVER; ASSIGNMENT OF RIGHTS:

1. <u>Wisconsin Law Release</u>: Each and every member of the WISCONSIN ROUNDING CLASS, and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors- in interest, and assigns hereby forever and completely release, discharge and hold harmless DEFENDANT from any and all wage and/or compensation-related claims, demands, rights, liabilities, expenses, and losses of any kind, that any of them have, had, might have or might have had against DEFENDANT based on any act or omission that occurred at any time up to and including the date the COURT enters a PRELIMINARY APPROVAL ORDER, in any way related to any of the facts or claims alleged or could have been alleged in the LITIGATION or by reason of the negotiations leading to this settlement, even if presently unknown and/or un- asserted. The matters released herein include any claims that could be brought by members of the WISCONSIN ROUNDING CLASS alleging that DEFENDANT retaliated against them for complaining about their wages or for asserting wage-related claims, any wage and hour laws or wage-related claims under any other laws, and any other claims of any kind related to DEFENDANT'S alleged failure to pay wages to members of the WISCONSIN ROUNDING CLASS through and including the date the COURT enters a PRELIMINARY APPROVAL ORDER, including but not limited to claims pursuant to the wage and hour

laws and regulations of the State of Wisconsin, wage and hour related

claims under Chapters 103, 104, 109, and 111 of the Wisconsin Statutes;

Chapters DWD 272, 274, and 275 of the Wisconsin Administrative Code; any

breach of contract claims; and any state common law wage claims, including,

but not limited to claims of unjust enrichment and quantum merit; and any

and all claims pursuant to or derived from The Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., that arise

from any alleged failure to pay wages, including any claims for benefits

under any benefit plans subject to ERISA that arise from such alleged

failure.

       2.    <u>FLSA Release</u>: Each and every member of the FLSA BREAK

CLASS and the FLSA ROUNDING CLASS and their respective heirs,

beneficiaries, devisees, legatees, executors, administrators, trustees,

conservators, guardians, personal representatives, successors-in-interest,

and assigns hereby forever completely release, discharge and hold harmless

DEFENDANT from any and all wage and/or compensation-related claims of

any kind, including but not limited to claims pursuant to Fair Labor

Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et. seq., that any of them

have, had, might have or might have had against any DEFENDANT based

on any act or omission that occurred up to and including the date the

COURT enters a PRELIMINARY APPROVAL ORDER, in any way related

to any of the facts or claims alleged or could have been alleged in the LITIGATION or by reason of the negotiations leading to this settlement, even if presently unknown and/or un-asserted. The matters released by the members of the FLSA BREAK CLASS and the FLSA ROUNDING CLASS herein also include any FLSA retaliation claims that could be brought by them against DEFENDANT based on any act or omission that occurred up to and including the date the COURT enters a PRELIMINARY APPROVAL ORDER; any breach of contract claims; and any state statutory or common law wage claims, including, but not limited to claims of unjust enrichment and quantum merit; and any and all claims pursuant to or derived from The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., that arise from any alleged failure to pay wages, including any claims for benefits under any benefit plans subject to ERISA that arise from any such alleged failure.

3. <u>Assignment:</u> All members of the FINAL SETTLEMENT CLASSES represent and warrant that nothing which would otherwise be released herein has been assigned, transferred, or hypothecated or purportedly assigned, transferred, or hypothecated.

D. PUBLIC DISCLOSURE AND NON-DISPARAGEMENT OBLIGATIONS:

PLAINTIFFS agree to keep the terms of the SETTLEMENT AGREEMENT confidential and not to disclose or make any public comment

18

regarding the settlement until the filing of the Motion for Preliminary Approval. PLAINTIFFS further agree not to disparage DEFENDANT or its employment policies or practices.

## IV. DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

A. SEEK PRELIMINARY APPROVAL:

After the execution of this SETTLEMENT AGREEMENT, CLASS COUNSEL, on behalf of PLAINTIFFS and all potential members of the SETTLEMENT CLASSES, and DEFENDANT shall file with the COURT their Joint Motion for Preliminary Approval of the Class Settlement with its exhibits and supporting documents. At the same time, CLASS COUNSEL, on behalf of PLAINTIFF and all potential members of the SETTLEMENT CLASSES, and DEFENDANT shall submit this SETTLEMENT AGREEMENT to and move the COURT for an Order substantially which shall:

1. Assert jurisdiction over the claims and PARTIES alleged in PLAINTIFF'S Amended Complaint and the implementation and administration of this SETTLEMENT AGREEMENT;

2. Grant preliminary approval of the settlement set forth in this SETTLEMENT AGREEMENT as adequate, fair, and reasonable and in the best interest of the PLAINTIFF and potential members of the SETTLEMENT CLASSES;

3. Conditionally certify the FLSA ROUNDING CLASS AND the FLSA BREAK CLASS pursuant to the parties' Joint Stipulation (dkt. #16);

4. Certify the WISCONSIN ROUNDING CLASS pursuant to the parties Joint Stipulation (dkt. #16);

5. Appoint Jose Trujillo and Timothy Marx as class representatives for the SETTLEMENT CLASSES;

6. Approve the CLASS NOTICE and CONSENT FORM and authorize the mailing of the COURT approved CLASS NOTICE and CONSENT FORM to all members of the SETTLEMENT CLASSES;

7. Appoint CLASS COUNSEL as counsel for the SETTLEMENT CLASSES;

8. Set a date for the execution and return of the CONSENT FORM no less than 60 days from the date of the Court's PRELIMINARY APPROVAL ORDER; and

9. Schedule a hearing for the final approval of the SETTLEMENT AGREEMENT and entry of a final order dismissing with prejudice all claims encompassed by this SETTLEMENT AGREEMENT.

B. OPPOSITION TO CLASS CERTIFICATION:

DEFENDANT expressly reserves the right to oppose class certification should the SETTLEMENT AGREEMENT not become final.

C. DISMISSAL WITH PREJUDICE:

PLAINTIFFS and DEFENDANT agree that they will jointly stipulate to the dismissal with prejudice of the LITIGATION on the date upon which a final

20

order and judgment is entered by the COURT approving this SETTLEMENT

AGREEMENT and dismissing this LITIGATION with prejudice and the final

order become non-appealable.

## V.    FINAL SETTLEMENT APPROVAL

At the close of the notice period, the PARTIES shall request that the

COURT schedule a FINAL APPROVAL HEARING for the purpose of obtaining

the FINAL APPROVAL ORDER and entry of judgment granting dismissal of this

action with prejudice and permanently barring all WISCONSIN ROUNDING

CLASS members who do not exclude themselves, and all FLSA RELEASING

PERSONS from prosecuting against DEFENDANT any wage and hour claims

which were or could have been asserted, including without limitation any claims

arising out of the acts, facts, transactions, occurrences, representations, or

omissions set forth in the Amended Complaint in this action, through and

including the date the COURT enters the PRELIMINARY APPROVAL ORDER,

under Wisconsin state and federal law as described above, upon satisfaction of all

payments and obligations hereunder.  The PARTIES agree to submit all briefing

in support of their request for final approval of the settlement not later than ten

days prior to the date of the FINAL APPROVAL HEARING.  Except to the

extent provided below in Paragraph IX, the PARTIES agree to use their best

efforts to affect these goals at the FINAL APPROVAL HEARING.

## VI.    NOTICE TO SETTLEMENT CLASSES

A.    Within  10 days of the COURT's order preliminarily approving the

SETTLEMENT AGREEMENT, CLASS NOTICE AND CONSENT FORM, PLAINTIFFS' counsel shall mail the same to the SETTLEMENT CLASSES. FLSA CONSENT forms postmarked more than 60 days after PLAINTIFFS' counsel mails the same shall be considered untimely and invalid. CLASS COUNSEL shall remain free to contact members of the SETTLEMENT CLASSES during the sixty (60) day notice period; however CLASS COUNSEL shall not intentionally attempt to contact members of the SETTLEMENT CLASSES during the hours that they may be performing work for DEFENDANT.

## VII. BINDING EFFECT; EXCLUSION, OPT-OUT AND OBJECTION RIGHTS

A. RIGHT OF MEMBERS OF WISCONSIN ROUNDING CLASS TO OPT OUT AND BE EXCLUDED:

Any member of the WISCONSIN ROUNDING CLASS may elect to opt-out and be excluded from the WISCONSIN ROUNDING CLASS at any time during the opt-out period. For a WISCONSIN ROUNDING CLASS member's opt-out election to be effective, any such election must be made in writing; must contain the name, address, telephone number and Social Security Number of the individual requesting exclusion; must be signed by the individual who is electing to be excluded and opt-out; must be mailed to CLASS COUNSEL so that it is postmarked on or before sixty (60) days after the date the CLASS NOTICE and CLAIM FORM were first mailed to members of the SETTLEMENT CLASSES; and must state:

"I WISH TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN TRUJILLO V. SAELENS CORPORATION, PENDING BEFORE THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN,  CASE NO. 13-CV-1096.  I UNDERSTAND THAT IF I ASK TO BE EXCLUDED FROM THE SETTLEMENT CLASS, I WILL NOT RECEIVE ANY MONEY FROM THE SETTLEMENT."

Any member of the WISCONSIN ROUNDING CLASS who timely requests exclusion and opts-out in compliance with these requirements: (i) shall not have any rights under this SETTLEMENT AGREEMENT;  (ii) shall not be entitled to receive SETTLEMENT PROCEEDS; and (iii) shall not be bound by this SETTLEMENT AGREEMENT, the FINAL APPROVAL  ORDER, or the judgment.

B.    BINDING EFFECT ON MEMBERS OF FINAL SETTLEMENT CLASSES:

Except for those members of the WISCONSIN ROUNDING CLASS who timely and validly exclude themselves from the class in compliance with the procedures set forth above, and FLSA CLASS MEMBERS who fail to return a timely executed CONSENT FORM, all members of the ROUNDING CLASSES and the BREAK CLASS will be deemed to be members of the FINAL SETTLEMENT CLASSES for all purposes under this SETTLEMENT AGREEMENT; will be bound by the terms and conditions of this SETTLEMENT AGREEMENT, the FINAL APPROVAL ORDER, the judgment, and the releases set forth herein and will be deemed to have waived all

23

objections and opposition to the fairness, reasonableness, and adequacy of the settlement.

C.  RIGHT TO OBJECT:

Any member of the SETTLEMENT CLASSES may enter an appearance in the LITIGATION at his or her own expense, individually or through counsel of their own choice. Any member of the SETTLEMENT CLASSES who does not enter an appearance or opt-out of the settlement will be represented by CLASS COUNSEL.

D.  RIGHT TO RECEIVE SETTLEMENT PROCEEDS:

Except for those members of the WISCONSIN ROUNDING CLASS who validly excluded themselves from the class in compliance with the procedures set forth above, each member of the WISCONSIN ROUNDING CLASS, or the authorized legal representative of such member, shall automatically receive his or her pro rata share of the SETTLEMENT PROCEEDS, as calculated in Section III. B.  As a condition for receipt of any SETTLEMENT PROCEEDS provided for in this SETTLEMENT AGREEMENT,  and in consideration thereof, each member of the FLSA ROUNDING CLASS and each member of the FLAS BREAK CLASS, or the authorized legal representative of such member, must timely execute and submit a properly completed FLSACONSENT FORM. Members of the FLSA SETTLEMENT CLASSES must timely submit a properly completed CONSENT FORM  to CLASS COUNSEL so that it is postmarked on

or before sixty (60) days after the date the CLASS NOTICE was first mailed to members of the SETTLEMENT CLASSES in order to receive any settlement funds from this settlement. In the event a member of the SETTLEMENT CLASSES timely submits a CONSENT FORM but omits any required information, CLASS COUNSEL shall immediately notify such member of the omitted information and provide the member of the SETTLEMENT CLASSES with twenty (20) days from CLASS COUNSEL'S receipt of the deficient CONSENT FORM to cure any deficiencies.

## VIII. DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

A. The PARTIES will submit a proposed FINAL APPROVAL ORDER and judgment for review by the COURT on or before the date directed by the COURT'S order:

1. Approving the settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions.

2. Approving CLASS COUNSEL'S application for an award of attorneys' fees, costs, and expenses (including but not limited to any fees, costs, and expenses related to testifying and non-testifying experts and consultants).

3. Certifying the SETTLEMENT CLASSES for purposes of settlement only.

4. Dismissing the LITIGATION on the merits and with

25

prejudice.

## IX. TERMINATION OF THE SETTLEMENT AGREEMENT

A. GROUNDS FOR SETTLEMENT TERMINATION:

Any PARTY may terminate the SETTLEMENT AGREEMENT if the entry of a FINAL APPROVAL ORDER or judgment, or the settlement as agreed does not become final for any other reason, provided, the PARTIES agree to work cooperatively and in good faith, including mediating any unresolved differences to address and resolve any concerns identified by the COURT or a Court of Appeal in declining to enter the PRELIMINARY APPROVAL ORDER, FINAL APPROVAL ORDER or judgment in the form submitted by the PARTIES.

B. EFFECT OF TERMINATION:

Termination shall have the following effects:

1. The SETTLEMENT AGREEMENT shall be terminated as to the affected PARTIES and shall have no force or effect, and no PARTY shall be bound by any of its terms with respect to the terminating PARTIES;

2. In the event the settlement is terminated, DEFENDANT shall have no obligation to make any payments to any party, class member or attorney;

3. Any PRELIMINARY APPROVAL ORDER, FINAL APPROVAL ORDER and judgment, including any order of class certification pursuant to this SETTLEMENT AGREEMENT, shall be vacated;

4. The SETTLEMENT AGREEMENT and all negotiations,

statements and proceedings relating thereto shall be without prejudice to the rights of any of the PARTIES, all of whom shall be restored to their respective positions in the action prior to the settlement; and

     5.     Neither this SETTLEMENT AGREEMENT, nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the LITIGATION or any other action for any purpose whatsoever.

## X.    PARTIES' AUTHORITY

    A.    The signatories hereby represent that they are fully authorized to enter into this SETTLEMENT AGREEMENT and bind the PARTIES hereto to the terms and conditions hereof.

## XI.    MUTUAL FULL COOPERATION

    The PARTIES agree to fully cooperate with each other to accomplish the terms of the SETTLEMENT AGREEMENT, including, but not limited to, to execute such documents and to take such other action as may reasonably be necessary to implement the terms of the SETTLEMENT AGREEMENT. The PARTIES to the SETTLEMENT AGREEMENT shall use their best efforts, including all efforts contemplated by the SETTLEMENT AGREEMENT and any other efforts that may become necessary by order of the COURT, or otherwise, to effectuate the SETTLEMENT AGREEMENT and the terms set forth herein. As soon as practicable after execution of the SETTLEMENT AGREEMENT, CLASS

Case 2:13-cv-01096-JPS   Filed 03/06/14   Page 27 of 51   Document 19-1

COUNSEL shall, with the assistance and cooperation of DEFENDANT and its counsel, take all necessary steps to secure the COURT'S final approval of the SETTLEMENT AGREEMENT.

## XII.   NOTICES

Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To the Plaintiff Classes:

Summer H. Murshid
Hawks Quindel, S.C.
PO Box 442
Milwaukee, WI  53201-0442

To the DEFENDANT:

Bernard J. Bobber
Foley & Lardner LLP
777 E. Wisconsin Ave., Suite 4000
Milwaukee, WI 53202

## XIII.  CONSTRUCTION

The PARTIES hereto agree that the terms and conditions of the SETTLEMENT AGREEMENT are the result of lengthy, intensive, arms-length negotiations among the PARTIES, and that the SETTLEMENT AGREEMENT shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of the

28

SETTLEMENT AGREEMENT.

## XIV. CLASS COUNSEL SIGNATORIES

It is agreed that because the members of the SETTLEMENT CLASSES are so numerous, it is impossible or impractical to have each member of the SETTLEMENT CLASSES execute the SETTLEMENT AGREEMENT. The CLASS NOTICE will advise all members of the SETTLEMENT CLASSES of the binding nature of the release, and that the release will have the same force and effect as if the SETTLEMENT AGREEMENT were executed by each member of the SETTLEMENT CLASSES.

## XV. COUNTERPARTS

The SETTLEMENT AGREEMENT may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one SETTLEMENT AGREEMENT, which shall be binding upon and effective as to all PARTIES.

29

IN WITNESS WHEREOF, the undersigned have duly executed this

SETTLEMENT AGREEMENT.


**PLAINTIFFS**

_3/6/2014_             _s/ Jose Trujillo_
    Date                          Jose Trujillo


_3/6/2014_             _s/ Timothy Marx_
    Date                          Timothy Marx


**DEFENDANTS:**

                         SAELENS CORP


3/6/2014

                         By: _s/ Bryan Weiss_
    Date


                         FOLEY & LARDNER LLP


_3/6/2014_             _s/ Bernard J. Bobber_
    Date                          Bernard J. Bobber
                         Attorneys for Defendant Saelens Corporation

# Exhibit 1

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

JOSE TRUJILLO, *et al.*

        Plaintiffs,

   v.                        CASE NO. 13-cv-1096

SAELENS CORP., *et al.*

        Defendants.

## CONSENT TO JOIN

I hereby consent to participate in the above captioned lawsuit against Saelens Corp. for unpaid minimum wages, unpaid overtime compensation and for pre- and post-shift work. I hereby designate Jose Trujillo and Tim Marx as class representative to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of any agreement between Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. During the past three years, there were times that I was not paid minimum wage for all hours I worked because Saelens Corp. made various impermissible deductions from my wages. During the past three years there was time which I worked for Saelens Corp. for which I have not been compensated at an overtime rate for hours worked over 40.

I understand that by consenting to participate in this lawsuit and in the settlement that has been reached, I am hereby releasing and forever discharging Saelens from any and all claims, demands, actions, causes of action, rights, offsets, liens, or liabilities, I have had, now have, or may have in the future based on actions occurring until the date of my signature below.

This means that in exchange for receiving payment, I forever completely release, discharge and hold harmless Saelens from any and all wage and/or compensation related claims of any kind, including but not limited to claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et. seq., the wage and hour laws and regulations of the State of Wisconsin, wage and hour related claims under Chapters 103, 104, 109, and 111 of the Wisconsin Statutes; Chapters DWD 272, 274, and 275 of the Wisconsin Administrative Code that I have, had, might have or

might have had against Saelens based on any act or omission that occurred up to and including the date the court enters a preliminary approval order, in any way related to any of the facts or claims alleged or could have been alleged in the litigation or by reason of the negotiations leading to this settlement, even if presently unknown and/or unasserted. The matters released also include any FLSA retaliation claims that could be brought based on any act or omission that occurred up to and including the date the court enters a preliminary approval order; any breach of contract claims; and any state common law wage claims, including, but not limited to claims of unjust enrichment and quantum merit; and any and all claims pursuant to or derived from The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., that arise from any alleged failure to pay wages, including any claims for benefits under any benefit plans subject to ERISA that arise from any such alleged failure.

**Mail, fax or email to:**

_____
Date

Summer H. Murshid
Hawks Quindel, S.C.
222 East Erie Street, Suite 210

_____
Signature

P.O. Box 442
Milwaukee, WI  53201-0442
(414) 271-8650

_____
Print Name

(414) 271-8442 (fax)
smurshid@hq-law.com
www.hq-law.com

_____
Address Line 1

_____
Address Line 2

# Exhibit 2

**FOR THE EASTERN DISTRICT OF WISCONSIN**

If you worked as an hourly employee for Saelens Corporation ("Saelens") between the dates of November 7, 2010 and September 27, 2013, you may be entitled to benefits under this settlement.

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.**

*This is not a solicitation from a lawyer. A Federal Court has authorized this Notice.*

<u>NOTICE OF CLASS ACTION SETTLEMENT:</u>

TO:     [NAME]

RE:     Settlement of Claims for Alleged Unpaid Meal Periods and Alleged Improper Rounding Practices

- Jose Trujillo and Timothy Marx, (the "Class Representatives") sued Saelens for allegedly failing to properly pay wages for time worked at the beginning and end of shifts and for allegedly failing to pay for breaks that lasted less than 30 minutes.

- For settlement purposes, the Court certified this case as a class and collective action on behalf of hourly employees who fall into the following classes:

  > **<u>The FLSA Rounding Class</u>.** All persons who were employed by Saelens in its Johnson Creek facility as hourly employees during any time between November 7, 2010 and October 30, 2011.

  > **<u>The Wisconsin Rounding Class</u>.** All persons who were employed by Saelens in its Johnson Creek facility as hourly employees during any time between September 27, 2011 and October 30, 2011.

  > **<u>The FLSA Break Class</u>.** All persons who were employed by Saelens in its Milwaukee facility as hourly employees and who were supervised by Derek Boyd during any time between September 16, 2012 and September 27, 2013.

- This Notice is to inform you about the status of the lawsuit, including your potential right to receive a share of the settlement funds. Your legal rights are affected and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| PARTICIPATE IN THE SETTLEMENT | You are automatically entitled to receive [RULE 23 AMOUNT]. You will receive this amount even if you do nothing.<br><br>If you wish to receive an additional [FLSA AMOUNT], YOU MUST complete and return the enclosed consent form no later than [DATE]. |
| EXCLUDE YOURSELF | You will be unable to participate in the Settlement if you choose this option, but will retain any rights you may have against Saelens over the claims in this case. |
| OBJECT | Write the Court about why you do not like the Settlement. |
| ATTEND THE HEARING | Ask to speak to the Court about the fairness of the Settlement. |

Your options are explained in this Notice. Please read it carefully. To exclude yourself from the Settlement you must act before [60 days from mailing].

1. **What is this Lawsuit about?**

On September 27, 2011, the Class Representatives filed a lawsuit in the United States District Court for the Eastern District of Wisconsin on behalf of themselves and other similarly situated Saelens employees. The lawsuit alleges violations of the Fair Labor Standards Act as well as Wisconsin state law and seeks back wages, interest, liquidated damages, and attorneys' fees.

Specifically, the Class Representatives alleged that Saelens failed to properly compensate them and other similarly situated hourly employees for the time spent working at the beginning and end of shifts and for automatically deducting from their pay for breaks less than 30 minutes.

Saelens denied and continues to deny the allegations in the Lawsuit and contends that its policies and practices regarding compensation were proper

and in compliance with the law at all times. Saelens wishes to settle this litigation, however, to avoid costly, and time-consuming litigation but does not admit to any wrongdoing or liability.

## 2. Who is included in the Settlement Class?

The following Settlement Classes have been certified:

**The FLSA Rounding Class**. All persons who were employed by Saelens in its Johnson Creek facility as hourly employees during any time between November 7, 2010 and October 30, 2011.

**The Wisconsin Rounding Class**. All persons who were employed by Saelens in its Johnson Creek facility as hourly employees during any time between September 27, 2011 and October 30, 2011.

**The FLSA Break Class**. All persons who were employed by Saelens in its Milwaukee facility as hourly employees and who were supervised by Derek Boyd during any time between September 16, 2012 and September 27, 2013.

## 3. What are the Benefits and Terms of this Settlement?

To settle this case, Saelens agreed to pay up to a total of $49,900.00 ("Settlement Fund"), inclusive of all alleged unpaid wages, liquidated damages, penalties, interest, costs, and attorneys' fees. If you elect to participate, you shall receive, if the Court approves the Settlement, a portion of the Settlement Fund, after payment of attorneys' fees, costs and expenses. Each participating Class Member will be entitled to receive a payment amount to be determined by the number of meal breaks deducted from each employee's pay and the employee's average regular rate of pay. Assuming the Court approves the Settlement as submitted,

**You will automatically receive a gross amount of**:

**[SETTLEMENT AMOUNT].**

**If you complete the enclosed consent form, you will receive [AMOUNT].**

## 4. Who is Class Counsel?

The Court appointed the following lawyers as Class Counsel to represent the certified Settlement Classes:

> Hawks Quindel, S.C.
> 222 E. Erie St., Suite 210
> Milwaukee, WI 53202
> Phone: 414.217.8650
> Fax: 414.271.8442

## 5. How much are Attorneys' Fees?

Class Counsel has pursued the lawsuit on a contingent basis and has not received any payment of fees or any reimbursement of their out-of-pocket expenses related to the recovery on behalf of the Class. As part of the Settlement, subject to Court approval, Class Counsel will apply for fees and costs in an amount of $17,095.22. Under this Settlement, Class Counsel will recover compensation from the common Settlement Fund. Participating Class Members will not be required to make any payments to Class Counsel for attorneys' fees or other litigation costs from their individual settlement amounts. Class Members may object to the terms of the Settlement and/or to the Class Counsel's request for attorneys' fees and expenses, pursuant to Paragraph 9(c).

## 6. What happens if the Court approves the Settlement?

If the Court approves the proposed Settlement, it will enter a judgment that will dismiss the Litigation with prejudice on the merits as to all Class Members who do not exclude themselves. This means that Class Members who do not exclude themselves will be barred from bringing their own lawsuits for recovery against Saelens for all federal and Wisconsin state wage and hour claims that arose in the course of such Class Member's employment with Saelens from November 7, 2010 through DATE OF PRELIMINARY APPROVAL ORDER.

Class Members who validly and timely request exclusion from the Settlement, will not release any federal or Wisconsin state wage and hours claims, if any.

### 7. What happens if the Court does not approve the Settlement?

If the Court does not approve the proposed Settlement, the case will proceed as if no settlement has been attempted and there can be no assurance that the class will recover more than is provided for in this Settlement, or indeed, anything.

### 8. When is the Fairness Hearing?

A hearing will be held before the Honorable Judge JD Stadtmueller the United States District Court for the Eastern District of Wisconsin on [INSERT DATE] at [INSERT TIME] at 517 East Wisconsin Avenue, Milwaukee, Wisconsin. The purpose of the hearing is for the Court to decide whether the proposed Settlement is fair, reasonable, and adequate and should be approved and, if so, to determine what amount of attorneys' fees and expenses should be awarded to Class Counsel. The time and date of this hearing may be changed without further notice.

### 9. What are my options regarding the settlement?

If you are receiving this Notice, you have the following options:

A. **Participate in the Settlement:** Do nothing and, assuming the Court approves the Settlement, you will automatically receive a check in the approximate gross (before withholding and deductions) amount of $[Rule 23 Amount].

B. **Return the Enclosed Consent Form:** You will automatically receive the amount listed above. However, if you sign and return the enclosed consent form no later than [DATE], you will receive an approximate gross amount of [$FLSA AMOUNT]

C. **Request to be Excluded:** If you wish to be excluded from the Settlement Class, you must submit a request for exclusion. To be effective, the request for exclusion must: (i) include your full name, address, and telephone number; (ii) include your dates of employment and job title(s) while employed with Saelens; and, (iii) specifically state your desire to be excluded from the settlement in *Trujillo v. Saelens Corporation,* Case No. 13-cv-1096. Your request must be postmarked by [INSERT 60 days from mailing] and mailed to HAWKS QUINDEL. **If you exclude yourself, you will** <u>not</u> **receive any monies from the Settlement.**

Failure to include the required information or to timely submit your request will result in your remaining a member of the Settlement Class and being bound by any final judgment. If you validly and timely request exclusion from the Settlement Class, you will not be bound by any final judgment, and you will not be precluded from instituting or prosecuting any individual claim you may otherwise have against Saelens related to the subject matter of this Lawsuit.

        C.   **Object:** If you are a Class Member and you do not request to be excluded, you may object to the terms of the Settlement and/or to the Class Counsel's requests for attorneys' fees and expenses. If you object and the Settlement is approved, and you fail to submit a timely valid request to be excluded, you will be barred from bringing your own individual lawsuit asserting claims related to the matters released through this Settlement, and you will be bound by the final judgment and release and all Orders entered by the Court. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs.

If you object to the Settlement and/or to the Class Counsel's request for attorneys' fees and expenses, you must, on or before [60 days from mailing Notice]: (1) file with the Clerk of the United States District Court for the Eastern District of Wisconsin, and (2) serve upon HAWKS QUINDEL and FOLEY & LARDNER, a written objection including: (i) your full name, address, and telephone number; (ii) your dates of employment and job title(s) while employed with Saelens; (iii) a written statement of all grounds for the objection accompanied by any legal support for such objections; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; (vi) a statement of whether you intend to appear at the Fairness Hearing; and (vii) your signature, even if you are represented by counsel. If you intend to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing. Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

**10. Are there more details available?**

For additional information you may contact Class Counsel:

> Summer H. Murshid
> Hawks Quindel, S.C.
> 222 E. Erie St., Suite 210
> Milwaukee, WI 53202
> Phone: 414.217.8650
> Fax: 414.271.8442

**NO INQUIRES SHOULD BE DIRECTED TO THE COURT.**

Dated: _____                BY ORDER OF THE COURT

                                           Clerk of the Court

# Exhibit 3

PLEASE NOTE THE FOLLOWING CONFIDENTIAL NOTICE IS PROVIDED FOR INFORMATIONAL PURPOSES PURSUANT TO SECTION 1715 OF THE CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA"). PURSUANT TO CAFA SECTION 1715(F) THIS NOTICE DOES NOT REQUIRE YOU TO TAKE ANY AFFIRMATIVE ACTION.

_____, 2014

BY CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Attorney General Eric H. Holder,
Jr. Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-00001

      RE:    Class Action Fairness Act
             Notice Trujillo v. Saelens Corp.
             U.S. District Court, Eastern District of Wisconsin, Case No. 13-cv-1096

Dear Attorney General Holder:

On behalf of Saelens Corporation ("Saelens"), we are sending you this notice in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1711 *et seq.,* to advise you that a proposed class action settlement has been filed with the United States District Court for the Eastern District of Wisconsin on _____, 2014 in the above-captioned action.

On September 27, 2013 plaintiffs Jose Trujillo and Timothy Marx filed suit on behalf of themselves and all similarly situated employees of Saelens asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and Wisconsin wage payment laws. On November 19, 2013, plaintiff filed the operative first amended complaint alleging that Saelens violated various wage payment and overtime laws by failing to properly compensate plaintiff and a putative class of hourly employees at Saelens.

After extensive investigation and informal discovery, and following months of arm's-length negotiations, the parties reached a settlement on December 21, 2013.  The basis for and the terms of the parties' proposed settlement are set out in the parties' Joint Motion for Preliminary Approval of Proposed Settlement, Class Certification and Form of Class Notice and Claim Waiver and Release Form, which we attach for your convenience.

In accordance with 28 U.S.C. § 1715, we also provide the following documents:

- Complaint;

- First Amended Complaint;

- Joint Motion for Preliminary Approval of Proposed Settlement;

- Stipulation and Settlement Agreement;

- Claim Form;

- Class Notice; and

- List of Names of Class Members and the estimated proportionate share of their claims.

The Court has not scheduled a hearing for preliminary or final approval of the settlement and has not entered a final judgment or notice of dismissal in this action.  There is no settlement, side agreement or other agreement made between class counsel and counsel for Aurora other than the Stipulation and Settlement Agreement to settle the class and collective action.

Please contact me if you have any questions.

Very truly yours,

Bernard J. Bobber

FOLEY & LARDNER LLP

Enclosures

cc:     Jim J. Chiolino
        c/o Equal Rights Division
        Wisconsin Department of Workforce
        Development P.O. Box 8928
        Madison, WI 53708-8928

        Hawks Quindel
        222 E. Erie St., Suite 210
        Milwaukee, WI 53202
        Phone: 414.217.8650
        Fax: 414.271.8442

# Exhibit 4

| Number | Begin Date | End Date | # Weeks | Avg Base Wage | Shift Diff | Base Wage with Shift Adjustment | Product | Share of Total Settlement Amount | Individual Settlement Amount |
|---|---|---|---|---|---|---|---|---|---|
| 00001 | 11/7/2010 | 10/30/2011 | 51.00 | $ 17.73 | | $ 17.73 | 903.98 | 1.49% | 344.80 |
| 00002 | 6/6/2011 | 9/23/2011 | 15.57 | $ 16.00 | | $ 16.00 | 249.14 | 0.41% | 95.03 |
| 00003 | 3/21/2011 | 10/30/2011 | 31.86 | $ 13.75 | $ 0.75 | $ 14.50 | 461.93 | 0.76% | 176.19 |
| 00004 | 11/7/2010 | 10/30/2011 | 51.00 | $ 24.88 | | $ 24.88 | 1,268.63 | 2.09% | 483.89 |
| 00005 | 9/12/2011 | 10/30/2011 | 6.86 | $ 11.00 | $ 1.00 | $ 12.00 | 82.29 | 0.14% | 31.39 |
| 00006 | 11/7/2010 | 3/30/2011 | 20.43 | $ 11.50 | | $ 11.50 | 234.93 | 0.39% | 89.61 |
| 00007 | 8/8/2011 | 10/28/2011 | 11.57 | $ 18.00 | | $ 18.00 | 208.29 | 0.34% | 79.45 |
| 00008 | 11/7/2010 | 7/29/2011 | 37.71 | $ 22.35 | | $ 22.35 | 842.91 | 1.39% | 321.51 |
| 00009 | 11/7/2010 | 5/27/2011 | 28.71 | $ 12.50 | | $ 12.50 | 358.93 | 0.59% | 136.91 |
| 00010 | 11/7/2010 | 10/30/2011 | 51.00 | $ 12.38 | | $ 12.38 | 631.55 | 1.04% | 240.89 |
| 00011 | 11/7/2010 | 10/30/2011 | 51.00 | $ 22.00 | $ 0.75 | $ 22.75 | 1,160.25 | 1.91% | 442.55 |
| 00012 | 11/7/2010 | 10/30/2011 | 51.00 | $ 13.25 | $ 0.75 | $ 14.00 | 714.00 | 1.18% | 272.34 |
| 00013 | 5/2/2011 | 10/30/2011 | 25.86 | $ 12.00 | | $ 12.00 | 310.29 | 0.51% | 118.35 |
| 00014 | 11/7/2010 | 10/30/2011 | 51.00 | $ 24.38 | | $ 24.38 | 1,243.13 | 2.05% | 474.16 |
| 00015 | 11/7/2010 | 10/30/2011 | 51.00 | $ 12.85 | | $ 12.85 | 655.35 | 1.08% | 249.97 |
| 00016 | 1/24/2011 | 10/30/2011 | 39.86 | $ 15.50 | | $ 15.50 | 617.79 | 1.02% | 235.64 |
| 00017 | 5/9/2011 | 9/8/2011 | 17.43 | $ 15.00 | $ 1.00 | $ 16.00 | 278.86 | 0.46% | 106.36 |
| 00018 | 9/19/2011 | 10/30/2011 | 5.86 | $ 15.00 | | $ 15.00 | 87.86 | 0.14% | 33.51 |
| 00019 | 8/15/2011 | 10/30/2011 | 10.86 | $ 13.00 | $ 1.00 | $ 14.00 | 152.00 | 0.25% | 57.98 |
| 00020 | 5/23/2011 | 10/30/2011 | 22.86 | $ 10.50 | $ 0.75 | $ 11.25 | 257.14 | 0.42% | 98.08 |
| 00021 | 11/7/2010 | 4/18/2011 | 23.14 | $ 16.25 | $ 0.75 | $ 17.00 | 393.43 | 0.65% | 150.06 |
| 00022 | 9/12/2011 | 10/7/2011 | 3.57 | $ 10.00 | | $ 10.00 | 35.71 | 0.06% | 13.62 |
| 00023 | 11/7/2010 | 10/30/2011 | 51.00 | $ 16.55 | $ 1.00 | $ 17.55 | 895.05 | 1.48% | 341.40 |
| 00024 | 11/7/2010 | 10/30/2011 | 51.00 | $ 16.00 | | $ 16.00 | 816.00 | 1.34% | 311.25 |
| 00025 | 9/19/2011 | 10/30/2011 | 5.86 | $ 11.25 | $ 1.00 | $ 12.25 | 71.75 | 0.12% | 27.37 |
| 00026 | 11/7/2010 | 11/16/2010 | 1.29 | $ 11.00 | | $ 11.00 | 14.14 | 0.02% | 5.39 |
| 00027 | 9/26/2011 | 10/30/2011 | 4.86 | $ 12.00 | $ 0.75 | $ 12.75 | 61.93 | 0.10% | 23.62 |
| 00028 | 10/10/2011 | 10/30/2011 | 2.86 | $ 12.00 | $ 1.00 | $ 13.00 | 37.14 | 0.06% | 14.17 |
| 00029 | 11/7/2010 | 10/30/2011 | 51.00 | $ 17.63 | | $ 17.63 | 898.88 | 1.48% | 342.86 |
| 00030 | 11/7/2010 | 10/30/2011 | 51.00 | $ 20.30 | | $ 20.30 | 1,035.30 | 1.71% | 394.89 |
| 00031 | 11/7/2010 | 10/30/2011 | 51.00 | $ 18.75 | | $ 18.75 | 956.25 | 1.58% | 364.74 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 00032 | 6/13/2011 | 10/30/2011 | 19.86 | $ | 11.00 | $ | 1.00 | $ | 12.00 | 238.29 | 0.39% | 90.89 |
| 00033 | 1/31/2011 | 2/10/2011 | 1.43 | $ | 10.50 | | | $ | 10.50 | 15.00 | 0.02% | 5.72 |
| 00034 | 8/1/2011 | 8/19/2011 | 2.57 | $ | 12.75 | $ | 0.75 | $ | 13.50 | 34.71 | 0.06% | 13.24 |
| 00035 | 11/29/2010 | 10/30/2011 | 47.86 | $ | 13.50 | | | $ | 13.50 | 646.07 | 1.06% | 246.43 |
| 00036 | 1/31/2011 | 10/6/2011 | 35.43 | $ | 12.75 | $ | 0.75 | $ | 13.50 | 478.29 | 0.79% | 182.43 |
| 00037 | 11/7/2010 | 7/28/2011 | 37.57 | $ | 12.00 | | | $ | 12.00 | 450.86 | 0.74% | 171.97 |
| 00038 | 9/19/2011 | 10/30/2011 | 5.86 | $ | 24.00 | | | $ | 24.00 | 140.57 | 0.23% | 53.62 |
| 00039 | 10/19/2011 | 10/30/2011 | 1.57 | $ | 10.00 | | | $ | 10.00 | 15.71 | 0.03% | 5.99 |
| 00040 | 11/7/2010 | 12/1/2010 | 3.43 | $ | 13.40 | | | $ | 13.40 | 45.94 | 0.08% | 17.52 |
| 00041 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 27.40 | | | $ | 27.40 | 1,397.40 | 2.30% | 533.01 |
| 00042 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 13.88 | | | $ | 13.88 | 707.63 | 1.17% | 269.91 |
| 00043 | 11/7/2010 | 6/7/2011 | 30.29 | $ | 10.25 | | | $ | 10.25 | 310.43 | 0.51% | 118.41 |
| 00044 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 20.30 | | | $ | 20.30 | 1,035.30 | 1.71% | 394.89 |
| 00045 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 16.75 | | | $ | 16.75 | 854.25 | 1.41% | 325.83 |
| 00046 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 13.74 | | | $ | 13.74 | 700.49 | 1.15% | 267.18 |
| 00047 | 11/7/2010 | 5/27/2011 | 28.71 | $ | 14.25 | | | $ | 14.25 | 409.18 | 0.67% | 156.07 |
| 00048 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 19.79 | | | $ | 19.79 | 1,009.29 | 1.66% | 384.97 |
| 00049 | 11/7/2010 | 2/17/2011 | 14.57 | $ | 13.50 | | | $ | 13.50 | 196.71 | 0.32% | 75.03 |
| 00050 | 8/1/2011 | 10/30/2011 | 12.86 | $ | 14.00 | $ | 0.75 | $ | 14.75 | 189.64 | 0.31% | 72.34 |
| 00051 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 10.00 | | | $ | 10.00 | 510.00 | 0.84% | 194.53 |
| 00052 | 12/12/2010 | 5/6/2011 | 20.71 | $ | 20.00 | | | $ | 20.00 | 414.29 | 0.68% | 158.02 |
| 00053 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 13.25 | $ | 0.75 | $ | 14.00 | 714.00 | 1.18% | 272.34 |
| 00054 | 5/23/2011 | 5/24/2011 | 0.14 | $ | 12.75 | | | $ | 12.75 | 1.82 | 0.00% | 0.69 |
| 00055 | 9/12/2011 | 9/13/2011 | 0.14 | $ | 11.25 | | | $ | 11.25 | 1.61 | 0.00% | 0.61 |
| 00056 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 17.03 | | | $ | 17.03 | 868.28 | 1.43% | 331.18 |
| 00057 | 6/20/2011 | 6/22/2011 | 0.29 | $ | 14.00 | | | $ | 14.00 | 4.00 | 0.01% | 1.53 |
| 00058 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 22.38 | | | $ | 22.38 | 1,141.13 | 1.88% | 435.26 |
| 00059 | 8/15/2011 | 10/30/2011 | 10.86 | $ | 14.00 | | | $ | 14.00 | 152.00 | 0.25% | 57.98 |
| 00060 | 9/6/2011 | 10/30/2011 | 7.71 | $ | 17.00 | | | $ | 17.00 | 131.14 | 0.22% | 50.02 |
| 00061 | 8/22/2011 | 10/30/2011 | 9.86 | $ | 16.00 | | | $ | 16.00 | 157.71 | 0.26% | 60.16 |
| 00062 | 6/13/2011 | 10/30/2011 | 19.86 | $ | 14.00 | | | $ | 14.00 | 278.00 | 0.46% | 106.04 |
| 00063 | 11/7/2010 | 3/4/2011 | 16.71 | $ | 24.35 | | | $ | 24.35 | 406.99 | 0.67% | 155.24 |
| 00064 | 11/7/2010 | 12/15/2010 | 5.43 | $ | 14.37 | | | $ | 14.37 | 78.01 | 0.13% | 29.75 |
| 00065 | 11/7/2010 | 9/22/2011 | 45.57 | $ | 14.83 | $ | 1.00 | $ | 15.83 | 721.55 | 1.19% | 275.22 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 00066 | 3/21/2011 | 8/12/2011 | 20.57 | $ | 18.00 | | | $ | 18.00 | 370.29 | 0.61% | 141.24 |
| 00067 | 5/18/2011 | 10/30/2011 | 23.57 | $ | 10.50 | | | $ | 10.50 | 247.50 | 0.41% | 94.40 |
| 00068 | 12/15/2010 | 7/29/2011 | 32.29 | $ | 13.00 | $ | 1.00 | $ | 14.00 | 452.00 | 0.74% | 172.41 |
| 00069 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 14.25 | $ | 0.75 | $ | 15.00 | 765.00 | 1.26% | 291.79 |
| 00070 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 15.67 | $ | 1.00 | $ | 16.67 | 850.00 | 1.40% | 324.21 |
| 00071 | 1/31/2011 | 10/30/2011 | 38.86 | $ | 11.25 | $ | 0.75 | $ | 12.00 | 466.29 | 0.77% | 177.85 |
| 00072 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 10.00 | | | $ | 10.00 | 510.00 | 0.84% | 194.53 |
| 00073 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 20.75 | | | $ | 20.75 | 1,058.25 | 1.74% | 403.65 |
| 00074 | 2/28/2011 | 10/30/2011 | 34.86 | $ | 16.00 | | | $ | 16.00 | 557.71 | 0.92% | 212.73 |
| 00075 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 17.17 | | | $ | 17.17 | 875.67 | 1.44% | 334.01 |
| 00076 | 3/21/2011 | 5/11/2011 | 7.29 | $ | 10.50 | | | $ | 10.50 | 76.50 | 0.13% | 29.18 |
| 00077 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 13.70 | | | $ | 13.70 | 698.70 | 1.15% | 266.50 |
| 00078 | 9/19/2011 | 10/30/2011 | 5.86 | $ | 12.50 | | | $ | 12.50 | 73.21 | 0.12% | 27.93 |
| 00079 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 15.50 | $ | 1.00 | $ | 16.50 | 841.50 | 1.39% | 320.97 |
| 00080 | 7/18/2011 | 10/30/2011 | 14.86 | $ | 24.00 | $ | 0.75 | $ | 24.75 | 367.71 | 0.61% | 140.26 |
| 00081 | 5/23/2011 | 10/30/2011 | 22.86 | $ | 15.00 | | | $ | 15.00 | 342.86 | 0.57% | 130.78 |
| 00082 | 9/29/2011 | 10/30/2011 | 4.43 | $ | 12.00 | $ | 1.00 | $ | 13.00 | 57.57 | 0.09% | 21.96 |
| 00083 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 15.63 | $ | 1.00 | $ | 16.63 | 847.88 | 1.40% | 323.40 |
| 00084 | 8/1/2011 | 10/30/2011 | 12.86 | $ | 16.00 | | | $ | 16.00 | 205.71 | 0.34% | 78.47 |
| 00085 | 8/15/2011 | 10/30/2011 | 10.86 | $ | 17.00 | $ | 0.75 | $ | 17.75 | 192.71 | 0.32% | 73.51 |
| 00086 | 4/11/2011 | 10/30/2011 | 28.86 | $ | 14.00 | $ | 0.75 | $ | 14.75 | 425.64 | 0.70% | 162.35 |
| 00087 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 19.50 | | | $ | 19.50 | 994.50 | 1.64% | 379.33 |
| 00088 | 3/14/2011 | 10/30/2011 | 32.86 | $ | 11.25 | $ | 0.75 | $ | 12.00 | 394.29 | 0.65% | 150.39 |
| 00089 | 12/13/2010 | 1/4/2011 | 3.14 | $ | 14.00 | | | $ | 14.00 | 44.00 | 0.07% | 16.78 |
| 00090 | 2/28/2011 | 10/30/2011 | 34.86 | $ | 11.25 | | | $ | 11.25 | 392.14 | 0.65% | 149.57 |
| 00091 | 11/22/2010 | 10/30/2011 | 48.86 | $ | 11.13 | | | $ | 11.13 | 543.54 | 0.90% | 207.32 |
| 00092 | 9/29/2011 | 10/30/2011 | 4.43 | $ | 13.00 | $ | 0.75 | $ | 13.75 | 60.89 | 0.10% | 23.23 |
| 00093 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 21.00 | | | $ | 21.00 | 1,071.00 | 1.77% | 408.51 |
| 00094 | 7/5/2011 | 10/30/2011 | 16.71 | $ | 12.50 | $ | 1.00 | $ | 13.50 | 225.64 | 0.37% | 86.07 |
| 00095 | 8/15/2011 | 10/30/2011 | 10.86 | $ | 13.50 | | | $ | 13.50 | 146.57 | 0.24% | 55.91 |
| 00096 | 5/31/2011 | 10/30/2011 | 21.71 | $ | 10.75 | | | $ | 10.75 | 233.43 | 0.38% | 89.04 |
| 00097 | 11/15/2010 | 4/27/2011 | 23.29 | $ | 13.00 | | | $ | 13.00 | 302.71 | 0.50% | 115.46 |
| 00098 | 5/9/2011 | 10/30/2011 | 24.86 | $ | 10.00 | | | $ | 10.00 | 248.57 | 0.41% | 94.81 |
| 00099 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 12.45 | $ | 0.75 | $ | 13.20 | 673.20 | 1.11% | 256.78 |

| ID | Date 1 | Date 2 | Hours | | Rate | | Adj | | Total | Amount | Percent | Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 00100 | 11/17/2010 | 10/30/2011 | 49.57 | $ | 12.25 | | | $ | 12.25 | 607.25 | 1.00% | 231.62 |
| 00101 | 5/16/2011 | 8/1/2011 | 11.00 | $ | 10.50 | $ | 1.00 | $ | 11.50 | 126.50 | 0.21% | 48.25 |
| 00102 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 15.70 | | | $ | 15.70 | 800.70 | 1.32% | 305.41 |
| 00103 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 14.75 | $ | 1.00 | $ | 15.75 | 803.25 | 1.32% | 306.38 |
| 00104 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 23.88 | | | $ | 23.88 | 1,217.63 | 2.01% | 464.44 |
| 00105 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 15.67 | $ | 0.75 | $ | 16.42 | 837.25 | 1.38% | 319.35 |
| 00106 | 11/7/2010 | 8/4/2011 | 38.57 | $ | 13.20 | | | $ | 13.20 | 509.14 | 0.84% | 194.20 |
| 00107 | 3/28/2011 | 5/6/2011 | 5.57 | $ | 10.50 | $ | 0.75 | $ | 11.25 | 62.68 | 0.10% | 23.91 |
| 00108 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 15.00 | | | $ | 15.00 | 765.00 | 1.26% | 291.79 |
| 00109 | 9/19/2011 | 10/30/2011 | 5.86 | $ | 18.00 | | | $ | 18.00 | 105.43 | 0.17% | 40.21 |
| 00110 | 8/15/2011 | 10/30/2011 | 10.86 | $ | 20.00 | | | $ | 20.00 | 217.14 | 0.36% | 82.82 |
| 00111 | 1/13/2011 | 8/2/2011 | 28.71 | $ | 10.50 | $ | 1.00 | $ | 11.50 | 330.21 | 0.54% | 125.95 |
| 00112 | 8/15/2011 | 10/30/2011 | 10.86 | $ | 14.00 | | | $ | 14.00 | 152.00 | 0.25% | 57.98 |
| 00113 | 11/7/2010 | 4/4/2011 | 21.14 | $ | 10.25 | | | $ | 10.25 | 216.71 | 0.36% | 82.66 |
| 00114 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 15.50 | | | $ | 15.50 | 790.50 | 1.30% | 301.52 |
| 00115 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 15.38 | | | $ | 15.38 | 784.13 | 1.29% | 299.09 |
| 00116 | 7/25/2011 | 10/30/2011 | 13.86 | $ | 13.00 | | | $ | 13.00 | 180.14 | 0.30% | 68.71 |
| 00117 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 13.71 | | | $ | 13.71 | 698.96 | 1.15% | 266.60 |
| 00118 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 13.33 | | | $ | 13.33 | 679.83 | 1.12% | 259.31 |
| 00119 | 5/9/2011 | 5/12/2011 | 0.43 | $ | 10.50 | | | $ | 10.50 | 4.50 | 0.01% | 1.72 |
| 00120 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 16.05 | $ | 0.75 | $ | 16.80 | 856.80 | 1.41% | 326.81 |
| 00121 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 13.45 | | | $ | 13.45 | 685.95 | 1.13% | 261.64 |
| 00122 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 14.00 | $ | 0.75 | $ | 14.75 | 752.25 | 1.24% | 286.93 |
| 00123 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 12.89 | $ | 0.75 | $ | 13.64 | 695.64 | 1.15% | 265.34 |
| 00124 | 3/21/2011 | 10/30/2011 | 31.86 | $ | 12.00 | $ | 0.75 | $ | 12.75 | 406.18 | 0.67% | 154.93 |
| 00125 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 15.00 | | | $ | 15.00 | 765.00 | 1.26% | 291.79 |
| 00126 | 11/7/2010 | 10/30/2011 | 51.00 | $ | 12.20 | | | $ | 12.20 | 622.20 | 1.03% | 237.32 |

**Totals**        100%    23,144.00

| Number | Begin Date | End Date | Average Wage with Shift differential | Total weeks | Product | Share | Settlement Amount |
|---|---|---|---|---|---|---|---|
| 127 | 9/16/2012 | 9/26/2013 | $156.00 | 53.57 | $8,357.14 | 71.41% | $4,756.44 |
| 128 | 9/16/2012 | 9/26/2013 | $11.75 | 53.57 | $629.46 | 5.38% | $358.26 |
| 129 | 2/20/2013 | 5/30/2013 | $12.50 | 14.14 | $176.79 | 1.51% | $100.62 |
| 130 | 9/16/2012 | 8/28/2013 | $17.00 | 49.43 | $840.29 | 7.18% | $478.25 |
| 131 | 7/24/2013 | 9/26/2013 | $19.50 | 9.14 | $178.29 | 1.52% | $101.47 |
| 132 | 2/25/2013 | 9/26/2013 | $17.50 | 30.43 | $532.50 | 4.55% | $303.07 |
| 133 | 9/16/2012 | 10/12/2012 | $11.50 | 3.71 | $42.71 | 0.36% | $24.31 |
| 134 | 7/15/2013 | 8/12/2013 | $11.50 | 4.00 | $46.00 | 0.39% | $26.18 |
| 135 | 6/3/2013 | 9/26/2013 | $16.00 | 16.43 | $262.86 | 2.25% | $149.60 |
| 136 | 8/7/2013 | 9/12/2013 | $14.50 | 5.14 | $74.57 | 0.64% | $42.44 |
| 137 | 3/18/2013 | 9/4/2013 | $12.50 | 24.29 | $303.57 | 2.59% | $172.78 |
| 138 | 9/16/2012 | 2/8/2013 | $12.50 | 20.71 | $258.93 | 2.21% | $147.37 |
| **Totals** | | | | | | **100.00%** | **$6,660.78** |